**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                               **CRIMINAL ACTION NO. 3:06CR56-ALL**
                                                           **(JUDGE STAMP)**

**JERRY L. MEZZATESTA, and**
**DAVID E. FRIEND,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER CONFIRMING THE PRONOUNCED ORDER OF THE COURT REGARDING PRETRIAL MOTIONS

On March 26, 2007, the parties appeared before the Court for a hearing on pretrial motions. The United States was present through Assistant United States Attorney, David E. Godwin. Defendant Jerry L. Mezzatesta was present in person, with cousel Deirdre H. Purdy. Defendant David E. Friend was present in person and through counsel, J. Michael Benninger.

The Court considered the pending pretrial motions. In consideration thereof, the Court allowed further argument by the parties at the hearing. After careful evaluation of the arguments presented, this Court pronounced its rulings on the record at the pre-trial motions hearing. As noted on the record, the Court ruled as follows:

1. United States' Motions in Limine (Document Nos. 76 & 108) to Limit the Number of Character Witnesses and Preclude Argument on Extraneous Matters – **GRANTED.**

Defendant Friend agreed with the Government's motion to

limit character witnesses, and indicated that he would call two character witnesses. The Motions further sought to exclude evidence or testimony on issues not in controversy, tending to encourage jury nullification. The Court found that argument on issues of federal nexus, jurisdiction, or the quality of the applicable law were not admissible.[1] The Court further found that mention of acts that were not alleged by the government were inadmissible (i.e. no mention of theft, embezzlement, bribery, etc.).[2]

2.<u>United States' Motion for Pretrial Ruling on Applicable Law (Document No. 78)</u>- **GRANTED.**

The United States filed a motion seeking pretrial rulings on two points of applicable law. The first point if law is whether the federal benefits, upon which jurisdiction is based, must have been paid directly from the federal government to the Hampshire County Board of Education.

In <u>Fischer v. United States</u>, the Supreme Court discussed the scope of 18 U.S.C. § 666 and the proper application of § 666(b). Under § 666(b), the provisions of the statute apply to any, "organization, government, or agency [that] receives, in any one year period, benefits in excess of $ 10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee,

---

[1] Fed. R. Evid. 403.

[2] Fed. R. Evid. 402.

insurance, or other form of Federal assistance." The Court held that an entity receives benefits when it is the intended target of federal assistance:

> "To determine whether an organization participating in a federal assistance program receives 'benefits,' an examination must be undertaken of the program's structure, operation, and purpose. The inquiry should examine the conditions under which the organization receives the federal payments. The answer could depend, as it does here, on whether the recipient's own operations are one of the reasons for maintaining the program."

Fischer v. United States, 529 U.S. 667, 681 (2000).

As stated in the Magistrate Judge's Report and Recommendation, school lunch programs, special education programs, and the Title I reading education program render the Hampshire County Board of Education an intended beneficiary of federal funds.[3]

The scope of federal jurisdiction under 18 U.S.C. § 666 is further defined in Sabri v. United States.[4] In Sabri, the Supreme Court relied upon the fungible nature of money, holding that the United States has jurisdiction over misapplication cases involving entities receiving federal benefits, even when the misapplied property itself does not come directly from the federal government. In Sabri,[5] the Supreme Court held:

> It is true, . . . that not every bribe or

---

[3] See Fischer v. United States, 529 U.S. 667, 681 (2000).

[4] Sabri v. United States, 541 U.S. 600, 605-606 (2004); See also, United Stated v. Spano, 401 F.3d 837, 841 (7th Cir. 2005).

[5] Id.

>     kickback offered or paid to agents of governments covered by § 666(b) will be traceably skimmed from specific federal payments, or show up in the guise of a quid pro quo for some dereliction in spending a federal grant. But this possibility portends no enforcement beyond the scope of federal interest, for the reason that corruption does not have to be that limited to affect the federal interest. Money is fungible, bribed officials are untrustworthy stewards of federal funds, and corrupt contractors do not deliver dollar-for-dollar value. Liquidity is not a financial term for nothing; money can be drained off here because a federal grant is pouring in there. And officials are not any the less threatening to the objects behind federal spending just because they may accept general retainers.

Accordingly, the federal interest giving rise to jurisdiction persists in this case, despite West Virginia's method of dispersing federal money through a central account.

The Court ruled on the Government's second questioned point of law, with respect to the intent element required under the statute. The Court held that the Superseding Indictment's allegation of knowingly and intentionally misapplying funds was a sufficient indication of the requisite mental state under the statute. At the pretrial stage, the allegations of mental state in the Superseding Indictment provide the Defendants with notice of the charges alleged by the Government and enable them to prepare a defense to those charges. The Court advised the parties that further argument on the issue may be presented with respect to jury instructions on intent.

3. David E. Friend's Motion to Dismiss (Multiplicitous Indictment and Double Jeopardy) (Document No. 90)- **DENIED.**

In United States v. Ambers, the Supreme Court held that, "conspiracy is a distinct crime from the overt acts that support it."[6] Count One of the Superseding Indictment in this case charges the Defendants with Conspiracy to Misapply Property and Count Two charges the Defendants with Misapplying Property. In accord with the holding in Ambers, the Court found that the charges in the two counts of the Superseding Indictment are distinct crimes. Therefore, the Court held that the Superseding Indictment is not multiplicitous and does not subject the Defendant's to double jeopardy.

4. David E. Friend's Renewed Motion to Sever (Document No. 94)- **DENIED.**

The Court found that the admission by party-opponent offered by the United States was not admissible under Fed. R. Evid. 801(d)(2)(C), because the cited argument before an administrative proceeding was not an authorized statement. The United States further indicated that disputed statements of Paula O'Brien referenced in the Motion would not be introduced at trial.

The Defendant then argued that derivative statements may present a severance issue. The Court found that under Bruton v.

---

[6] United States v. Ambers, 85 F.3d 173, 178 (4th Cir. 1996).

United States,[7] a conflict meriting severance did not arise. The parties were advised that the admissibility of the challenged testimony could be evaluated further at a later date if a material conflict as defined in Bruton did arise.

5. Jerry L. Mezzatesta's Motions in Limine (Document Nos. 99 & 110)- **TAKEN UNDER ADVISEMENT**.

Defendant Jerry Mezzatesta's Motions in Limine sought to exclude testimony and evidence related to Defendant's November 15, 2004, guilty plea to a computer crime in Kanawha County, West Virginia, Defendant's dismissal from his position with the Hampshire County Board of Education, Ms. Tammy Moreland's employment with the Hampshire County Schools, or a 2005 draft audit report.

The Court ruled that the computer crime in question was not admissible as a crime of dishonesty. The Court also held that further argument on evidence and testimony regarding the March 24, 2003, grant application, presented in Paragraph 7 of the Superseding Indictment, would be heard at a later date, if necessary.

The United States indicated that it would not present testimony or evidence on the remaining issues cited in the Defendant's Motion.

It is so **ORDERED**.

---

[7] Bruton v. United States, 391 U.S. 123, 126 (1968).

The Clerk is directed to transmit true copies of this Order to the Defendant, all counsel of record, and the appropriate agencies.

**DATED** this 23rd day of April 2007.

>  <u>**/s/ Frederick P. Stamp, Jr.**</u>
> **FREDERICK P. STAMP, JR.**
> **UNITED STATES DISTRICT JUDGE**